UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUFUS MCGILL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALEXANDER MILNE DEVELOPMENTAL SERVICES d/b/a ALEXANDER MILNE HOME<br><br>        Defendant. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Rufus McGill, and files this Complaint against Defendant, Alexander Milne Developmental Services d/b/a Alexander Milne Home, who asserts claims on behalf of himself and all others similarly situated, seeking overtime and liquidated damages owed to them for not being paid overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., (hereinafter called the "FLSA").

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs. Thus, jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331.

2. Jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367 because those claims arise out of the same transaction and occurrence giving rise to his federal law claims.

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendant is subject to personal jurisdiction, where Defendant does business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff worked for Defendant as a caregiver at its residential care centers.

5. At all times material hereto Defendant Alexander Milne Home was, and continues to be a Louisiana nonprofit corporation. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in St. Tammany Parish, Louisiana and is headquartered in Covington, Louisiana.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

6. At all times material hereto, Defendant was engaged in the "operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution" and therefore Plaintiff and the FLSA Collective Action Plaintiffs are covered under the FLSA pursuant to 29 U.S.C. 203(r)(2)(A) and (s)(1)(B).

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of FLSA.

9. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## FACTUAL ALLEGATIONS

10. All previous paragraphs are incorporated by reference herein.

11. In June 2013, Plaintiff began working for Defendant as a Caregiver.

12. He worked for Defendant in this capacity until September 2016.

13. He worked from 2:00 pm. to 10:30 p.m. for Defendant, alternating between working 5 days per week for one week and 6 days per week the next week.

14. His rate of pay was $9.55 per hour.

15. While working for Defendant, Plaintiff did not take a meal break during his shifts. Indeed, often he was often the only person working, meaning that it was impossible for him to be fully relieved of his duties to take a 30-minute meal break.

16. Despite the fact that Plaintiff did not take a 30-minute meal break during which he was fully relieved of his duties during his shifts, Defendant automatically subtracted 30 minutes from Plaintiff's pay for every shift that he worked, which represented this so-called meal break.

17. Said 30-minute deduction per shift for a "meal break" appears to have been Defendant's company policy, as all or nearly all hourly employees who worked for Defendant also had 30 minutes deducted from each shift that they worked for a "meal break" despite not being fully relieved of their duties during each shift for an actual meal break.

18. In taking these deductions, Defendant failed to pay Plaintiff for all overtime hours that he worked while employed by Defendant.

19. In addition, Defendant failed to pay Plaintiff for all hours that he actually worked for Defendant.

## COLLECTIVE ACTION ALLEGATIONS

20. All previous paragraphs are incorporated as though fully set forth herein.

21. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the State of Louisiana who worked at any Alexander Milne Home location since 2013, who were paid by the hour, and who had a 30-minute meal break automatically deducted from each shift they worked even though they were not fully relieved of all duties, in direct violation of the FLSA.

22. In this manner, Defendant failed to pay the Plaintiff and the FLSA Plaintiffs all overtime pay to which they were, and are, entitled to be paid under the FLSA.

23. Plaintiff brings this action as a collective action under the FLSA to recover unpaid overtime, an equal amount as liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendant due to Defendant's failure to accurately record the hours that they worked, failure to pay them minimum wages for all hours that they worked and failure to pay them overtime for all hours that they worked in excess of 40 per week.

24. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Class who have been affected by Defendant's improper policies and practices, based upon the number of current employees of Defendant, the number of work locations maintained by Defendant, the Defendant's treatment of all of its

employees in the same manner, and the turnover rate of Defendant's employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

25. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendant's payroll and other personnel records.

26. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail, text message and email.

27. Plaintiff's claim for unpaid overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent via the Class in that:

    (a)    Plaintiff and similarly situated employees worked for Defendant as hourly employees and were subject to the same job scheduling policies and payment practices (although they may have been paid a different hourly rate).

    (b)    Plaintiff is personally aware that Defendant had a policy automatically deducting 30 minutes from each hourly employee's shift for a "meal break" without regard for whether that hourly employee was relieved of all duties during this supposed "meal break."

    (c)    Plaintiff is personally aware that other similarly situated employees of Defendant routinely worked in excess of 40 hours per week, but were not paid overtime for all hours worked in excess of 40 hours per week due to its unlawful automatic deduction of 30 minutes per shift from their pay.

(d)    Although the number of hours worked by Plaintiff and FLSA Collective Plaintiffs may differ, the payment scheme of automatically deducting 30 minutes from each shift hourly employees worked for a meal break without regard for whether the employee took a meal break, as defined by the FLSA, was applied to all hourly employees who worked for Defendant. The hours each employee worked should be readily determinable by review of Defendant's records and via the Plaintiff and FLSA Collective Action Plaintiffs' best recollection where or if Defendant's records are incomplete, incorrect or otherwise inadequate.

(e)    Accordingly, Plaintiff is in the best position to represent all members of the FLSA collective class as a whole.

28. In addition, because Defendant applied its unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Class, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

29. Plaintiff requests that the Court authorize notice to the FLSA Collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA

**COLLECTIVE ACTION CAUSES OF ACTION**

**COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.***

30. All previous paragraphs are incorporated as though fully set forth herein.

31. As a result of Defendant's automatic deduction of 30 minutes of pay from each shift that they worked, Plaintiff and the FLSA Collective Action Plaintiffs were not paid at the federally-mandated overtime rate for each and every hour that they worked in excess of 40 hours per week.

32. Plaintiff and the FLSA Collective Action Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for all hours they worked in excess of 40 hours.

33. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

34. At all times material hereto, Defendant has failed to maintain proper time records as mandated by the FLSA.

35. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when they knew, or should have known, such was and is due.

36. Defendant has failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost minimum wage and lost compensation for time worked over 40 hours per week, plus liquidated damages.

38. Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## ATTORNEY'S FEES

39. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the FLSA Collective Action Plaintiffs in this litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

40. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rufus McGill prays that judgment be entered in his and the FLSA Collective Action Plaintiffs' favor and against Defendant,

a.      Declaring that Defendant's actions of failing to pay to Plaintiff and the FLSA Collective Action Plaintiffs time and one-half their regular rate of all of the hours they worked in excess of 40 per week is in violation of the FLSA;

b.      Awarding Plaintiff and the FLSA Collective Action Plaintiffs an amount equal to their unpaid overtime wages, plus an equal amount as liquidated damages;

c.      Awarding Plaintiff and the FLSA Collective Action Plaintiffs reasonable attorneys fees and costs;

d.      Interest from the date of demand; and

e.      All other relief to which Plaintiff and/or the FLSA Collective Action
Plaintiffs may be entitled.

                                    Respectfully submitted,

                                    /s/ Mary Bubbett Jackson
                                    Jody Forester Jackson, (La. Bar No. 28938)
                                    Mary Bubbett Jackson, (La. Bar No. 29110)
                                    **JACKSON+JACKSON**
                                    201 St. Charles Avenue, Suite 2500
                                    New Orleans, Louisiana 70170
                                    T: (504) 599-5953
                                    F:  (888) 988-6499
                                    E: jjackson@jackson-law.net
                                       mjackson@jackson-law.net
                                    Attorneys for Plaintiff and the FLSA Collective
                                    Action Plaintiffs

**PLEASE SERVE:**

Alexander Milne Developmental Services:
Through its registered agent:
Frank D. Lamier
1605 Milne Circle
Covington, LA 70435